IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **ERNEST A. BOOKER-BROWN,** | Case No. 5:23-cv-01349-PAB |
| **Petitioner,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | Magistrate Judge Darrell A. Clay |
| **DAVID W. GRAY, WARDEN,** | |
| **Respondent.** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court upon Petitioner Ernest A. Booker-Brown's ("Brown")[1] Objection to the Order of Magistrate Judge Darrell A. Clay (Doc. No. 13), denying his Request for an Evidentiary Hearing. (Doc. No. 16.) For the following reasons, Brown's Objection (Doc. No. 16) is overruled, and the Magistrate Judge's Order (Doc. No. 13) is affirmed.

**I.    Relevant Procedural History**

.    Having reviewed the State Court record, the Court finds that the Magistrate Judge's Order accurately sets forth the facts and underlying state court procedural history relevant to this Court's determination of Brown's Objection. (Doc. Nos. 13 and 8-1 (State Court Record Exhibits).) *See also State v. Brown*, 2021-Ohio-1918, at ¶¶ 4–15 (Ohio App. 5th Dist. June 3, 2021). Therefore, they will not be repeated in full herein.

---

[1] When Brown filed his Petition, he referred to his last name as "Booker-Brown" but signed the Petition as ""E. Brown." (Doc. No. 1 at PageID# 20.) As the Magistrate Judge observes in his Order, the state court record in many places refers to Brown as "Brown," "Booker," and "(Booker) Brown." (*See* Doc. No. 8-1 at PageID# 46, 552.) For consistency, the Court will refer to him as "Brown."

On July 5, 2023, Brown filed a *pro se* Petition for Writ of Habeas Corpus ("Petition"). (Doc. No. 1.) In his Petition, Brown asserts the following five grounds for relief:[2]

Ground 1: APPELLANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT CONSTITUTIONAL RIGHT TO A DIRECT APPEAL TO CHALLENGE HIS CONVICTION AND SENTENCE.

Supporting Facts: The Appellant asserts that he was denied the right to a direct appeal of his conviction and sentence. The Appellant verbally expressed in 1997 his intent to appeal the jury's findings of guilt, yet, it is 2023 and Appellant has not had his first direct appeal as of right, due in part, to the actions of the trial court, the appointed trial counsel, and the actions of the appointed appellate counsel where appointed counsel intentionally failed to file the notice of appeals, docketing statement, or motion for trial transcripts at state expense. Thus, appointed counsel still has not withdrew from the case and is still counsel of record.

Ground 2: APPELLANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT RIGHT TO APPEAL HIS CONVICTION AND SENTENCE DUE TO INEFFECTIVE ASSISTANCE OF COURT APPOINTED TRIAL AND APPELLATE COUNSEL WHERE BOTH COUNSEL FAILED TO FILE NOTICE OF APPEAL.

Supporting Facts: The Appellant asserts that he was deprived of his right to a first direct appeal because his appointed trial and appellate counsel failed to file a timely notice of appeal,or order the second trial transcript on his behalf in accordance with his express request immediately after the sentencing hearing. In fact, appointed appeals counsel is still counsel of record and has yet to withdraw himself from the case, nor has he filed a delayed appeal.

Ground 3: APPELLANT WAS DENIED HIS SIXTH AND FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR AND ADEQUATE DELAYED APPEAL REVIEW WHERE THE STATE COURT OF APPEALS FAILED TO DETERMINE WHETHER PETITIONER'S INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL CLAIM COULD PROVIDED ADEQUATE CAUSE FOR FAILING TO TIMELY FILE NOTICE OF APPEAL.

    Sub-ground a: The Appellant Did Established Sufficient Reasons Justifying the Delay in Filing Timely Notice of Appeal Where Appointed Appellate Counsel Failed to File Timely Notice of Appeal, While Appointed Counsel is Still Counsel on Record because Counsel Has Not withdrew From the Case;

---

[2] Brown's grounds for relief are reproduced as written.

>> Sub-ground b: App.R.5 Does Not Indicate Any Time Constraint on Filing Delayed Appeal
>
> Supporting Facts: The Petitioner asserts that he was denied his Sixth and Fourteenth Amendment due process when his motion for leave to file a delayed appeal was denied because his failure to perfect his appeal rested squarely on the ineffective assistance of his appellate counsel where counsel failed to file a timely notice of appeal, ESPECIALLY WHERE COUNSEL IS STILL COUNSEL OF RECORD AND HAS NEVER WITHDREW FROM THE CASE. The State courts refusal to allow a delayed appeal amounts to a due process violation.
>
> Ground 4: THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE COUNSEL FAILED TO FILE TIMELY NOTICE OF APPEAL.
>
> Supporting Facts: Appellant was deprived of his right to an appeal because his appointed Appellate counsel failed to file a timely notice of appeal on his behalf in accordance with petitioner's express request to appeal the conviction and sentence given immediately after the sentencing hearing. Furthermore, appointed counsel has never withdrawn from the case and is still counsel on record.
>
> Ground 5: APPELLANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION UNDER THE LAW WHEN HE WAS DENIED A COPY OF HIS TRIAL TRANSCRIPT RELATING TO THE SECOND TRIAL WHERE THE TRANSCRIPTS HAS NEVER BEEN TRANSCRIBED; Green v. Brigano (6th Cir. 1997), 123 F.3d 917; U.S. Const. Amend. 14; Ohio.App.Proc.R. 16(A)(7), (D)
>
> Supporting Facts: The Appellant asserts that he was denied due process and equal protection under the law because he was denied the trial transcript for the purpose of direct appeal. In fact, the trial transcripts have never been transcribed. Access to the transcript was necessary in order for to receive a full and effective appeal. Appellant further asserts that without the transcript, he is unable to prepare a brief required for appellate review of his case.

(Doc. No. 1 at PageID# 5–8.)

On October 18, 2023, Respondent Warden David W. Gray (the "Warden") filed a Return of Writ asserting that Grounds One, Two, Four and Five are time-barred, statutory tolling is unavailable, and Brown is not entitled to equitable tolling.  (Doc. No. 8, PageID #s 26-32.)  On December 21, 2023, Brown filed a Traverse of Return to Writ [*sic*] with a Request for Evidentiary Hearing (herein, "Request for Evidentiary Hearing").  (Doc. No. 10.)

3

On January 11, 2024, the Warden filed an Opposition to Brown's Request for Evidentiary Hearing. (Doc. No. 11.) On February 5, 2024, Brown filed a Response asserting in relevant part that "an evidentiary hearing would allow [him] the opportunity to fully develop his claim of equitable tolling." (Doc. No. 12, PageID #s 642-43.).

On February 15, 2024, the Magistrate Judge issued an Order denying Brown's Request for Evidentiary Hearing ("Order"). (Doc. No. 13.) In his Order, the Magistrate Judge found that the record demonstrated the following. After a retrial where the jury had found Brown guilty of aggravated burglary and kidnapping and specifically on June 9, 1997, the trial court found Brown guilty of the repeat violent offender specifications and sentenced him to an aggregate sentence of 40 years, advised Brown of his appellate rights and appointed appellate counsel. (Doc. No. 13, PageID # 648.) On June 27, 1997, appellate counsel moved to withdraw from representing Brown and the trial court appointed a series of appellate counsel for Brown, the last of whom was appointed on July 9, 1997,[3] and instructed that the copy of the July 9, 1997 order be sent to Brown, appointed counsel, and the prosecutor. (*Id.*, PageID # 649, citing ECF #10-2 at PageID 623-24.)[4] Brown's motion for judicial release filed on November 29, 2018 was denied by the trial court. Brown's petition for post-conviction relief was denied by the trial court as having been filed untimely and, because the merger

---

[3] The trial court docket demonstrates that on June 9, 1997 John Mackey was appointed as appellate counsel and he moved to withdraw on June 27, 1997 and that motion was granted on July 8, 1997; on July 2, 1997 Anthony Kaplanis was appointed as appellate counsel; on July 7, 1997 Michael Boske was appointed as appellate counsel; and then Edward Asper was appointed as appellate counsel on July 9, 1997. (Doc No. 8-1, PageID # 561.)

[4] Indeed, in the July 9, 1997 order, the trial court explained as follows. "The Court finds that previous counsel, Mr. Mackey withdrew, in that the Defendant indicated to Mr. Mackey that he did not have confidence in Mr. Mackey handling the appeal in this matter. The court further finds that Mr. Booker has continuously, throughout the course of his proceedings, attempted to manipulate the Court system by firing various appointed counsel who have represented him at various stages of the proceedings. The Court finds that: counsel have adequately and competently represented Mr. Booker and the Court would note for the file that the court will not appoint further appellate counsel in this matter. Should Mr. Booker not wish the services of Attorney Asper, he may retain private counsel to represent him pursuant to any order of the Fifth District Court of Appeals or he may represent himself without the benefit of legal counsel."

issue raised therein could have been raised on direct appeal, it was barred by *res judicata*. For purposes of appealing the trial court's order denying post-conviction relief, appellate counsel was appointed to supplement the appeal, but the Fifth Circuit Court of Appeals ultimately affirmed the trial court's decision, agreeing that the post-conviction relief motion had not been filed timely and was barred by *res judicata*. The trial court denied Brown's October 17, 2022 request to provide transcripts from his re-trial to perfect his direct appeal, on the basis that a transcript had already been provided and his appointed counsel had already filed an appeal. On October 18, 2022, Brown filed a notice of appeal, a motion for leave to file a delayed appeal, and his affidavit wherein he averred that none of his court appointed attorneys had filed a notice of appeal, and the Fifth District denied the motion because Brown had not established sufficient reasons justifying the delay. The Fifth District rejected Brown's assertion that he did not file a notice of appeal because his appointed counsel was supposed to do so, finding that this assertion did not explain why he had waited over 25 years to pursue a delayed appeal. The Ohio Supreme Court declined jurisdiction over Brown's appeal of the Fifth District Court of Appeals' decision.

    Correctly relying upon *Pace v. DiGuglielmo*, 544 U.S. 405, 418 (2005), the Magistrate Judge concluded that "[t]o be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way and prevented timely filing." (*Id.*, PageID # 653.) The Magistrate Judge then cited authority from the Sixth Circuit Court of Appeals for the general proposition that where a petitioner has failed to monitor the status of his appeal, he has not acted with sufficient diligence to warrant equitable tolling. After discussing what he concluded were Brown's unsupported claims, i.e., that Brown's family had tried to contact the appointed appellate counsel numerous times to no avail, it was not until September

2022 that Brown had learned that appellate counsel had failed to file a notice of appeal in 1997, and Brown did not know he could file for leave to file a delayed appeal until October 1, 2022, the Magistrate Judge interpreted the record to demonstrate that "Brown does not indicate why he waited 25 years to inquire into the status of his appeal." (*Id.*, PageID # 654.) The Magistrate Judge also noted that "it appears from the state court record that Mr. Brown's factual allegations, even if proven, are not sufficient to support entitlement to equitable tolling." (*Id.*) The Magistrate Judge denied the request for an evidentiary hearing, concluding that "the Court can resolve the issue of entitlement to equitable tolling on the record before it." (*Id.*)

On March 11, 2024, Brown filed his Objection to the Magistrate Judge's Order. (Doc. No. 16.)[5] The Warden did not file a response to Brown's Objection.

## II. Standard of Review on Objections

"When a district judge reviews a magistrate judge's resolution of a non-dispositive matter, it is not a *de novo* review, as it is in relation to a magistrate judge's recommendation as to a dispositive matter." *Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, 2013 WL 992125, at *6 (S.D. Ohio Mar. 13, 2013). *See also United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). Rather, the Magistrate Judge's decision is subject to review under Rule 72(a) and reversal when it "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See Curtis*, 237 F.3d at 603; *Alvarado v. Warden, Ohio State Penitentiary*, 2018 WL 5783676, at *1 (N.D. Ohio Nov. 5, 2018); *Phillips v. LaRose*, 2019 WL 5729919, at *2 (N.D. Ohio Nov. 5, 2019).

---

[5] On March 4, 2024, Brown also filed a Motion for Reconsideration under Fed. R. Civ. P. 59(e), in which Brown made substantially identical arguments to those raised in his Objection. (Doc. No. 15.) On March 18, 2024, the Warden filed an Opposition to Brown's Motion for Reconsideration. (Doc. No. 17.) On April 19, 2024, the Magistrate Judge denied Brown's Motion for Reconsideration. (Doc. No. 18.)

6

The clearly erroneous standard applies to factual findings, while legal conclusions are reviewed under the contrary to law standard. *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009). As the Sixth Circuit has explained, "'[a] [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). "An order is 'contrary to the law' when it 'fails to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Id*. (quoting *United States v. Winsper*, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II.     Analysis

When a petitioner requests an evidentiary hearing in a Section 2254 case, Rule 8 of the Rules Governing Section 2254 Cases provides that "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citation and quotation marks omitted). Courts must examine whether "an evidentiary hearing can realistically be expected to enable him to prove his factual allegations, which, if true, would entitle him to relief." *Freeman v. Trombley*, 483 F. App'x 51, 66 (6th Cir. 2012). If a petitioner's grounds for relief can be resolved "by reference to the state court record" only, an evidentiary hearing is not required. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). Further, "bald assertions and conclusory allegations do not provide sufficient ground to warrant

requiring the state to respond to discovery or to require an evidentiary hearing." *Id.* at 460 (quotation omitted).

In this case, Brown asserts that an evidentiary hearing is warranted so that he can "fully develop his claim of equitable tolling" of the statute of limitations. (Doc. No. 12 at PageID# 642–43.) The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year limitations period in a habeas action brought by a person in custody pursuant to the judgment of a State court. *See* 28 U.S.C. § 2244(d)(1). Brown argues that he is entitled to equitable tolling of the AEDPA's one-year limitations period. (*See* Doc. No. 10 at PageID# 599.)

To be entitled to equitable tolling, a habeas petitioner must establish that (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland*, 560 U.S. at 649. *See also Hall*, 662 F.3d at 749; *Griffin*, 308 F.3d at 653. "The diligence required for equitable tolling purposes is reasonable diligence, not maximum diligence." *Holland*, 560 U.S. at 653. The Sixth Circuit has held that excessive delays in filing lack appropriate diligence. *See, e.g.*, *Keeling v. Warden*, 673 F.3d 452, 463–64 (6th Cir. 2012); *Vroman v. Brigano*, 346 F.3d 598, 605 (6th Cir. 2003) (stating that a court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights"); *Henson v. Warden, London Corr. Inst.*, 620 F. App'x. 417, 419 (6th Cir. 2015). "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (citation omitted).

In his Objection, Brown raises the following six objections to the Magistrate Judge's Order:

Objection No. #1: THE MAGISTRATE JUDGE ERRONEOUSLY CONCLUDED THAT PETITIONER FAILED TO PROVIDE EVIDENTIARY PROOF TO SUPPORT HIS CLAIM THAT HE DILIGENTLY PURSUED HIS RIGHTS

8

> Objection No. #2: THE MAGISTRATE COMMITTED PLAIN AND OBVIOUS ERROR WHEN HE FAILED TO REVIEW ALL OF PETITIONER'S EVIDENCE AND ARGUMENTS IN ITS DETERMINATION OF WHETHER PETITIONER DILIGENTLY PURSUED HIS RIGHT TO APPEAL.
>
> Objection No. #3: THE MAGISTRATE COMMITTED PLAIN AND OBVIOUS ERROR WHEN HE FAILED TO REVIEW ALL OF PETITIONER'S EVIDENCE AND ARGUMENTS IN ITS DETERMINATION OF WHETHER PETITIONER DILIGENTLY PURSUED HIS RIGHT TO APPEAL.
>
> Objection No. #4: THE MAGISTRATE JUDGE COMMITTED PLAIN AND OBVIOUS ERROR WHEN IT ERRONEOUSLY CONCLUDED THAT PETITIONER WAITED 25 YEARS TO INQUIRE INTO THE STATUS OF AN APPEAL THAT HAD NEVER BEEN FILED, AND WHERE EACH OF THE FIVE APPOINTED APPEAL COUNSEL ABANDONED THE PETITIONER.
>
> Objection No. #5: THE MAGISTRATE JUDGE COMMITTED PLAIN AND OBVIOUS ERROR WHEN IT ERRONEOUSLY CONCLUDED THAT BASED ON THE STATE COURT RECORD, PETITIONER FAILED TO SHOW EXTRAORDINARY CIRCUMSTANCE, WHEREAS THE TRIAL COURT FOUND UNUSUAL CIRCUMSTANCES AND IN THE INTEREST OF JUSTICE, APPOINTED COUNSEL FOR THE PURPOSE OF DELAYED APPEAL.
>
> Objection No. #6: THE MAGISTRATE JUDGE ABUSED ITS DISCRETION AND ERROR AS A MATTER OF LAW IN FAILING TO HOLD AN EVIDENTIARY HEARING

(Doc. No. 16 at PageID# 691–99.) The Court will address each objection, in turn, below.

### A. Objection Nos. #1, #2, #4, and #6

In his Objection Nos. #1, #2, #4 and #6, Brown argues that the Magistrate Judge erroneously concluded that (1) Brown did not provide proof supporting his claim that he diligently pursued his right to direct appeal, and (2) Brown did not indicate why he waited 25 years to inquire into the status of his appeal. (Doc. No. 16 at PageID# 691–701.) Brown contends that the evidence he provided that is part of the record shows that: he did provide evidentiary proof to support his claim that he did act diligently in pursuit of his right to direct appeal and he did not wait 25 years to inquire into his

9

direct appeal, and that this evidence entitles him to an evidentiary hearing. [6] Brown submits that an evidentiary hearing would enable him to prove his factual allegations as true, entitling him to habeas relief.

In support of Brown's assertions that the Magistrate erroneously failed to consider evidence he presented, Brown cites the same nine-paragraph string of case law and includes citations to the documents or evidence he submitted with his Request for Evidentiary Hearing. (Doc. No. 16 at PageID# 691–98, 700–01.) Brown contends that the evidence he submitted with the Request for Evidentiary Hearing as set forth in footnote 4 [6?] herein demonstrates the following. "[A]ll five of the appointed appellate counsel abandoned him" and failed to inform him that they were not going to

---

[6] Booker attached to his Request for Evidentiary Hearing, several documents. The first item attached is Booker's Declaration, pursuant to 28 U.S.C. § 1746, made "under penalty of perjury" and declaring "that the statements made…are true and correct, and signed and dated by him. (Doc. No. 10-1.) This qualifies as an "unsworn declaration." *See Pollock v. Pollock*, 154 F.3d 601, 611 n.20 (6th Cir. 1998), and *Little v. BP Expl. & Oil Co.*, 265 F.3d 357, 363 n.3 (6th Cir. 2001). The second item attached is a copy of the Judgment Entry filed on July 9, 1997 in the Stark County Court of Common Pleas, Case No. 1996-CR-0730, demonstrating that the trial court appointed Attorney Edward Asper as appellate counsel after having appointed other appellate counsel, but also concluded that "Mr. Booker has continuously, throughout the course of his proceedings, attempted to manipulate the Court system by firing various appointed counsel who have represented him at various stages of the proceedings" and that "[t]he Court finds that counsel have adequately and competently represented Mr. Booker and the Court would note for the file that the Court will not appoint further appellate counsel in this matter." (Doc. No. 10-2, PageID # 623.) Attached as Exhibit D is a copy of an October 14, 2020 letter to Brown from the Equal Justice Initiative in Montgomery, Alabama thanking Booker for his letter but indicating an inability to offer assistance. (Doc. No. 10-3.) Attached as Exhibit E is a copy of an envelope postmarked December 20, 2022 from the Stark County Clerk of Courts to Booker at Belmont Correctional Institution. (Doc. No. 10-4.) Attached as Exhibit F is a letter dated July 24, 2020 from True Source Investigations, LLC to Booker acknowledging receipt of a July 13, 2020 request from Booker's brother to request and obtain trial transcripts from the Stark County Clerk of Courts Office relative to Stark County Criminal Case # 1996CR0730. (Doc. No. 10-5.) Attached as Exhibit A is a copy of a March 16, 2001 letter from Ohio Defendants Union of Defense to Brown advising of the dues to join the organization and detailing the cost of performing services to obtain records to perfect Booker's appeal or post-conviction remedies. (Doc. No. 10-6.) Attached as Exhibit B is a copy of a withdrawal slip for $3.00 for payment to the Innocence Project. (Doc. No. 10-7.) Also attached is a copy of a May 20, 2004 letter from the directors of the Innocence Project to Booker advising him that the Innocence cannot accept his case. (Doc. No. 10-8.) Also attached is a copy of a June 22, 1999 letter from The Innocence Project to Booker advising that it provides pro bono legal assistance to convicted prisoners whose innocence can be demonstrated through DNA testing and requesting that Booker complete a questionnaire. (Doc. No. 10-9.) Also attached is a copy of a Judgment Entry appointing Attorney Dave Smith to represent Booker for purposes of any potential delayed appeal or subsequent post-conviction proceedings in Case No. 1996CR0730. (Doc. No. 10-10.) Also attached are copies of withdrawal slips for $1.85 and $1.40 on 11-25-98 and 2-25-2000, respectively, for payments to the Cardozo School of Law (Innocence Project). (Doc. No. 10-11.) And, finally, attached is a copy of an envelope with Booker's return address to the Office of the Clerk of this Court, postmarked December 19, 2023. (Doc. No. 10-12.)

represent him on appeal or that they did not file a notice of appeal or order trial transcripts. (*Id.* at PageID# 692.) He reached out to the appointed appellate counsel seeking information on his appeal (at an undefined time) but that they did not respond to him. (*Id.*) He reached out to various other counsel and legal organizations after his retrial conviction and sentence. Specifically, Brown reached out to the Innocence Project in 1998, but the organization informed him that it would not take his case. (*Id.* at PageID# 701.) His family hired an attorney in 1999 and contacted True Source Investigation Services in 2020, but these entities declined to assist him in his appeal because the trial transcripts were unavailable. (*Id.*) And in 2001, he sought legal assistance from another attorney from the Ohio Defendants Union of Defense. (*Id.* at PageID# 692–93.) Also, in 2018, he hired three attorneys, who filed a judicial release motion instead of looking into his appeal. (*Id.* at PageID# 692.) Finally, Brown reached out to the Equal Justice Initiative in 2020 and it informed him that it had received his request but could not help him. (*Id.* at PageID# 693.)

The Court concludes that Brown's Objection Nos. #1, #2, #4 and #6 are without merit. The record shows that, as the Magistrate Judge correctly noted, Attorney Edward Asper was the final counsel appointed by the state trial court in 1997 to assist with Brown's appeal of his retrial conviction and sentence. (Doc. No. 8-1, Ex. 43 at PageID# 561 (entry dated July 9, 1997); Doc. No. 13 at PageID# 649.) Indeed, after having appointed several lawyers to represent him on appeal, the trial court warned Booker that his appointment of Attorney Asper would be the last appointment he made, and that if Booker was not satisfied with him, then Booker could hire a lawyer pursuant to any order of the Fifth District Court of Appeals or proceed *pro se*.[7] Booker did not do so. In his Request for

---

[7] In Booker's Declaration, Booker acknowledges that he received a copy of the trial court's July 9, 1997 order. (Doc. No. 10-1, PageID # 620, ¶ 16.)

11

Evidentiary Hearing, Brown asserted that his family "tried numerous times"—without providing a date as to when these communication attempts were made—to reach out to Attorney Asper, but that Asper did not respond. (Doc. No. 10 at PageID# 587.) However, as the Magistrate Judge correctly observed, Brown did not cite in his Traverse to any evidence in support of this assertion.[8] (*Id.*; Doc. No. 13 at PageID# 653.) Moreover, even if Booker's assertion that he attempted to reach out to Attorney Asper (and the attorneys the trial court docket demonstrates it appointed prior to appointing Attorney Asper) is taken as true, the fact remains that if Attorney Asper or any other court appointed appellate lawyer did not respond to Booker's attempts to contact him, then Booker himself could have filed a notice of appeal or requested assistance from the trial court or the Fifth District Court of Appeals, as referenced in the July 9, 1997 trial court order that Booker has acknowledged he received.[9]

Brown avers that he "was afraid to contact the [state trial] court regarding the lack of [communication]" from Attorney Asper for "fear that he would waive his right to the assistance of counsel." (*Id.* at ¶ 16.) This averment suggests that Brown refused to inquire about his appeal with the state trial court for over 20 years, which, as the Magistrate Judge concluded, does not demonstrate diligence sufficient to warrant equitable tolling. *Johnson v. Brewer*, 2015 WL 3652796, at *3 (E.D. Mich. June 11, 2015) (collecting cases demonstrating that waiting two years evinces a lack of diligence for equitable tolling). Indeed, if Booker "honestly believed" that his direct appeal was still pending until on or about September of 2022 when his prison Case manager reviewed the trial court

---

[8] While Booker asserts that his family members did so, he does not attach any affidavits or declarations from his family members to prove this assertion; and his assertion of what he claims his family members did is hearsay.
[9] The State record demonstrates that Booker, acting *pro se*, has filed numerous motions and briefs with both the trial court and appellate court, demonstrating that he knows how to pursue legal remedies acting *pro se*.

docket which showed no appeal had been filed, then why would he (or his family) have reached out to the individuals and organizations identified in paragraph 4 of his Declaration for assistance beginning as early as 1999?  Indeed, according to Booker's Declaration, Sam Shamansky who was allegedly hired by his family, "withdrew from the case due to there being no trial transcript available." (Doc. No. 10-1, PageID # 619-20.)  At a minimum, knowledge as early as 1999 of the lack of a trial transcript being available should have alerted Booker that an appeal had not been filed.  And, of course, Booker could have and should have checked the docket.

In his Objection No. #6, Brown argues that the Magistrate Judge abused his discretion "as a matter of law" in failing to hold an evidentiary hearing because "his habeas petition alleges sufficient grounds for release, there are relevant facts in dispute, and the state courts failed to hold a full and fair evidentiary hearing by declining to hold" a hearing on his denial of appellate counsel and ineffective assistance of counsel claims.  (Doc. No. 16 at PageID# 699.)  As noted above, in support of this contention, Brown reiterates in Objection No. #6 the same string of case law and record cites as he set forth in Objection Nos. #1, #2, and #4.

This contention is conclusory and does not constitute a specific objection to the Magistrate Judge's Order.  Brown's statement that his Petition "alleges sufficient grounds for release," that "relevant facts [are] in dispute," and that "the state courts failed to hold a full and fair evidentiary hearing" merely restates the standard for granting an evidentiary hearing and does not offer any analysis or explanation as to why it is warranted.  *See Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir. 2001) (citation and quotation marks omitted) (setting forth standard).  Further, the string of case law and record cites does not bear any relation to his contention.  The Court therefore rejects this contention.

Accordingly, the Court overrules Brown's Objection Nos. #1, #2, #4, and #6.

**B.      Objection No. #3**

In his Objection No. #3, Brown asserts that the Magistrate Judge failed to consider several claims Brown raised in support of equitable tolling.  (Doc. No. 16 at PageID# 695.)  According to Brown, the Magistrate Judge did not consider his claims that extraordinary circumstances and "State Impediment" existed when the trial judge (1) "knowingly deprived [Brown] of a direct appeal" based on the fact that the first appeal was reversed and remanded for a new trial due to ineffective assistance of counsel; (2) "intentionally failed to notify all four of the appointed counsel" of their appointment to Brown's direct appeal; (3) "intentionally failed" to appoint adequate counsel for direct appeal; (4) "intentionally failed" to notify Brown of his appellate rights after his appointed counsel refused to file a notice of appeal and order trial transcripts; (5) failed to remove the appointed appellate counsel as counsel of record, preventing Brown from acting in a "pro se hybrid representation manner"; and (6) created a "state impediment" by entering judgment finding that Brown's counsel had "adequately and competently represented [him], and no other counsel would be appointed for direct appeal." (*Id.* at PageID# 695–96.)

The Court concludes that Brown's Objection No. #3 is without merit for several reasons. First, these arguments are largely conclusory and, for example, provide no facts that would suggest that the state trial court created a "state impediment;" deprived Brown of a direct appeal; or failed to notify Brown's appellate counsel, to appoint adequate counsel, to notify Brown of his appellate rights, or to remove the appointed appellate counsel.  Further, Brown does not suggest that "evidence" supporting these arguments could only be obtained by an evidentiary hearing.  Lastly, the arguments Brown suggests the Magistrate Judge should have considered pertain to events that presumably

occurred (or should have occurred) in 1997, over 20 years prior to Brown taking any action in his case in 2018.  Even if the Court construes these events as constituting "extraordinary circumstances," none of them would constitute circumstances that "stood in his way" or otherwise prevented him from filing his appeal *pro se* for over 20 years, and therefore, as the Magistrate Judge ultimately concluded, cannot substantiate a basis for equitable tolling.  *See Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000) ("If the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing.")  Accordingly, the Court overrules Brown's Objection No. #3.

      C.      **Objection No. #5**

In his Objection No. #5, Brown contends that the Magistrate Judge erred in concluding that the state court record does not show extraordinary circumstances so as to warrant equitable tolling.  (Doc. No. 16 at PageID# 698.)  According to Brown, the state court record shows that the trial court "found unusual circumstances" and appointed counsel "for the purpose of delayed appeal" on August 7, 2020.  (*Id.*)

The Court concludes that Brown's Objection No. #5 is without merit.  Brown provides no explanation as to what the unusual circumstances were, or how the appointment of counsel for the purpose of pursuing a delayed appeal demonstrates that "extraordinary circumstances" exist such as to warrant equitable tolling.  Indeed, while the state trial court did indicate in its judgment that there were "unusual circumstances" warranting the appointment of Attorney Dave Smith for the purposes of pursuing a delayed appeal or subsequent post-conviction proceedings, the state trial court did not

explain what the "unusual circumstances" were.  (Doc. No. 8-1, Ex. 36 at PageID# 523.)  And, even with the appointment of counsel to pursue his appeal with the Fifth District Court of Appeals, any "extraordinary circumstances" as referred to in the trial court order obviously did not warrant the relief Booker sought, since the Fifth District Court of Appeals denied Booker's appeal.

Accordingly, the Court overrules Brown's Objection No. #5.

### IV. Conclusion

For the foregoing reasons, Brown's Objection (Doc. No. 16) is OVERRULED.  The Magistrate Judge's Order (Doc. No. 13) is AFFIRMED as set forth herein.

**IT IS SO ORDERED.**

                                                            *s/Pamela A. Barker*
                                                         PAMELA A. BARKER
Date:  September 13, 2024              U. S. DISTRICT JUDGE