**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Ernest A. Booker-Brown,** | **Case No. 5:23-cv-01349-PAB** |
| **Petitioner,** | |
| **-vs-** | |
| | **JUDGE PAMELA A. BARKER** |
| **Warden David W. Gray,** | |
| **Respondent.** | **MEMORANDUM OPINION & ORDER** |

Currently pending before the Court is Petitioner Ernest A. Booker-Brown's ("Petitioner") "Motion for Reconsideration, Pursuant to Fed. Civ. R. 59(e), of the Judge Barker's December 11, 2025 Judgment: (1) Denying Motion to Expand the Record; (2) the Court's Determination that the Journal Entry Appointing Appellate Counsel is Already in the Record; and (3) the Journal Entry Reflect that it was sent to the Appellate Counsel" (the "Motion for Reconsideration").  (Doc. No. 29.) Respondent has not filed an Opposition to the Motion for Reconsideration.  For the reasons stated herein, the Motion for Reconsideration is DENIED.

A court may grant a motion to amend or alter judgment under Fed. R. Civ. P. 59(e) if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *See Brumley v. United Parcel Service, Inc*., 909 F.3d 834, 841 (6th Cir. 2018); *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial

consideration of the issue." *McConocha v. Blue Cross & Blue Shield Mut. of Ohio,* 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (quotation omitted).[1] *See also Brumley*, 909 F.3d at 841.

Petitioner first argues that "[t]he Judge made an erred (*sic*) when he (*sic*) failed to determine Petitioner's claim in support of cause and prejudice for the time bar, that he was denied due process and equal protection under the law when he was denied a copy of his trial transcript relating to the second trial where the transcripts ha[ve] never been transcribed, in violation of the holding set forth in *Johnson v Sec'y, Fla. Dep't of Corr.*, 2023 U.S. App. LEXIS 26653 (6th Cir. 2023)." (Doc. No. 29, PageID #890.) Petitioner contends that "[t]his Court and the Magistrate ha[ve] complete[ly] ignored this claim, as it shows that Petitioner has never had fair and meaningful opportunity to appeal, even if he would have filed a delayed appeal in 1999." (*Id.*)

Put simply, Petitioner is incorrect. The Magistrate Judge expressly considered his Fifth Ground for Relief: that "Petitioner was denied due process and equal protection under the law when he was denied a copy of his trial transcript relating to the second trial where the transcripts have never been transcribed." (Doc. No. 20 PageID #732.) The Magistrate Judge, however, did not reach the merits of Ground Five because he found that it was untimely. (*Id.* at PageID #735.) And this Court was not required to reach the merits of Ground Five because it agreed with the Magistrate Judge that Ground Five was untimely. (Doc. No. 28, PageID #876.)

Petitioner next argues that "[t]he Magistrate committed plain and obvious error when he erroneously concluded that the journal entry appointing appellate counsel reflect[s] that a copy of the

---

[1] *See also Gascho v. Global Fitness Holdings, LLC*, 918 F.Supp.2d 708, 714 (S.D. Ohio Jan. 16, 2013) ("A motion for reconsideration or to alter or amend is not a vehicle to reargue the case or to present evidence which should have been raised in connection with an earlier motion."); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, Federal Practice and Procedure, § 2810.1 (2d ed. 1995) (motions to alter or amend judgment cannot be used to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment.").

appointment was ordered sent to his appellate counsel." (Doc. No. 29, PageID #891.) He contends that "it is clear that there is nothing reflecting that the Court ordered the Clerk to serve notice of the appointment upon appointed counsel." (*Id.*) The Court has already rejected this very argument and has found that "the journal entry reflects that a copy was sent to [Petitioner's] appointed counsel." (Doc. No. 28, PageID #880.) Because Petitioner has not offered any new argument on this issue, the Court accordingly rejects this argument for a second time.

Petitioner's final argument is that "[t]he Magistrate committed plain and obvious error when he failed to consider the appointment of Anthony Kaplanis, Michael Boske where there is no journal entry notifying counsel of the appointment, nor is there a journal entry reflecting the appointment." (Doc. No 29, PageID #891.) The Court again disagrees. The Magistrate Judge expressly considered this argument:

> Mr. Brown claims the trial court failed to notify appellate counsel of the appointment, effectively denying him the right to counsel. (ECF #10 at PageID 608). In support, he points to the lack of docket entries ordering the clerk to serve notice to appellate counsel or otherwise informing appellate counsel of his appointment. (Id.). He also argues there is a pattern of intentional failure to notify appointed counsel of the appointment, established by his counsel's statement to the Fifth District that he did not receive notice of his appointment (ECF #8-1 at PageID 406) and by the failure of all appointed counsel to file any briefs on his behalf (ECF #10 at PageID 601). Despite Mr. Brown's protestations to the contrary, the docket reflects the trial court appointed appellate counsel and notified Mr. Brown of his right to appeal. (ECF #8-1 at PageID 561). Absent "reliable evidence to the contrary, a federal district court should presume the accuracy of a court clerk's docket entries." *Robinson v. Henderson*, No. 3:23-cv-00089-BMB, 2024 WL 4856061 (N.D. Ohio Nov. 21, 2024) (citation omitted), report and recommendation adopted, 2024 WL 5152788 (N.D. Ohio Dec. 18, 2024). The evidence Mr. Brown presents does not suggest a failure to notify appointed counsel. Therefore, the alleged impediment does not justify a later start date under § 2244(d)(1)(B).

(Doc. No. 20, PageID #740.) Moreover, as explained above the record contains the journal entry appointing Attorney Asper—the last of the four attorneys appointed to represent Petitioner on

3

appeal—and the journal entry reflects that it was sent to Attorney Asper.  (Doc No. 28, PageID #880.) Accordingly, the Court rejects Petitioner's final argument.

Having rejected each of Petitioner's arguments, the Court DENIES the Motion for Reconsideration.  (Doc. No. 29.)  Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)

**IT IS SO ORDERED.**

 *s/Pamela A. Barker*
PAMELA A. BARKER
Date:  July 21, 2026                                    U. S. DISTRICT JUDGE

4